On March 11, 1927, by act duly recorded in Conveyance Book 229, page 404, of the records of Calcasieu Parish, the eight heirs of E.J. Lyons entered into an act of partition by which they divided among themselves the S 1/2 of the NE 1/4 and the NE 1/4 of the SE 1/4 of Section 11, T-9-S, R-13-W, a plat of survey and subdivision showing the division of the said property into eight lots, each containing fifteen acres, being annexed to the said act of partition and made a part thereof. In the said act of partition, plaintiff was allotted Lot No. 2, which, according to the plat of subdivision, was the north fifteen acres of the SW 1/4 of NE 1/4 of Section 11, T-9-S, R-13-W, which is situated in Ward 5 of Calcasieu Parish.
For the year 1934 plaintiff was assessed with only one tract of land in Ward 5, Calcasieu Parish, said assessment bearing No. 533 and being as follows: "Lot 2, E. J. Lyons Subdivision of E 1/2 NE., NE. SE. 11-9-13". At the time of the assessment plaintiff owned only the tract of land acquired by her in the partition proceeding of the E.J. Lyons' property described above.
Plaintiff having failed to pay the taxes due on her property or on the property as described in the said assessment for the year 1934, the property as described in the assessment was adjudicated to the State on February 19, 1936, for the non-payment of taxes of 1934. The property was not redeemed by plaintiff or any one else. On October 9, 1943, after having fulfilled and complied with legal requisites, the Sheriff for the Parish of Calcasieu offered for sale "Lot 2 E. J. Lyons Sub. of N 1/2 NE, NE SE 11-9-13, sold to the State in the name of Mrs. Jerushe Lyons Nelson" and at which sale the said property as described *Page 776 
was adjudicated to W.A. Poe, and due return thereof was made to the Register of the State Land Office. On November 5, 1943, a patent to the said property issued to W.A. Poe, said patent being recorded in Book 361 of Conveyance Records at page 215, Calcasieu Parish, and in which the mineral rights were reserved to the State.
On November 18, 1943, under act of private signature duly acknowledged and recorded in the Conveyance records for Calcasieu Parish, W.A. Poe quitclaimed and released unto the plaintiff herein any interest he may have had in "Lot No. Two (2), E. J. Lyons Subdivision of S 1/2 of NE 1/4, NE 1/4 of SE 1/4 Section (11) Township Nine (9) South, Range Thirteen (13) containing 15 acres more or less".
The State Mineral Board, a subdivision of the State Government in charge of leasing all state lands for oil, gas and other minerals, gave notice that it would receive scaled bids on May 4, 1944, for the leasing of the oil, gas and mineral rights in and to the following land, which oil, gas and mineral rights it claimed belonged to the State of Louisiana, viz.: "Tract 324 — Calcasieu Parish — Lot Two (2) of East half (1/2) of Northeast Quarter (1/4), Northeast Quarter of Southeast quarter, Section 11, Township 9, Range 13 West, containing 15 acres, more or less, which minerals were reserved by the State in that certain patent to W.A. Poe dated November 5, 1943, No. 13,437".
On May 1, 1944, plaintiff filed this suit contending that the tax sale of February 19, 1936, of the property as described therein was null and void, and that the same should be cancelled and erased from the conveyance records of Calcasieu Parish, for the following reasons: "(a) There does not exist in this Parish any such subdivision as set out in said tax sale. (2) The property cannot be sufficiently described so as to pass title to the State of Louisiana. (3) That said taxes on East half of Northeast Quarter and Northeast Quarter of Southeast Quarter of Section 11, Township South, Range 13 West, had been paid prior to the said tax sale above".
In the alternative, and in the event the tax sale should be valid, plaintiff contends that the sale and patent to W.A. Poe is null and void and should be cancelled and erased from the Conveyance records of Calcasieu Parish, for the following reasons: "(a) the property was attempted to be sold to Poe under the provisions of Act 237 of 1924, however the provisions of said act were not followed in that (1) more than one parcel of land not related to each other and not in the same section was advertised in the same advertisement and sold in one and the same sale contrary to the provisions of said act. (2) The property which was attempted to be transferred to W.A. (William A.) Poe did not transfer anything to Poe because the property cannot be described with that certainty required by law either by itself or by reference to the other documents."
The plaintiff further alleged that in the advertisement for bids to lease for oil, gas and other minerals lying under the property which the State had sold to W.A. (William A.) Poe the property therein described, including the minerals lying thereunder, belongs to her; that the action of the State Mineral Board in claiming the mineral on behalf of the State of Louisiana is a slander on her title and acts as a cloud thereon, and that a writ of injunction to prohibit the leasing thereof is necessary.
She made the State Mineral Board, Register of State Land Office and W. A. (William A.) Poe as defendants and prays in accordance with her petition.
On May 9, 1944, defendant Poe answered, admitting all of plaintiff's allegations, including plaintiff's demand in her prayer, with the exception that he should not be condemned to pay costs.
By supplemental petition filed on May 12, 1944, plaintiff made the Sheriff and Ex-Officio Tax Collector for the Parish of Calcasieu a defendant to the suit.
By supplemental petition filed on May 24, 1944, in the further alternative, in the event the tax sale is held to be a valid sale of her property, then she claims the right to redeem her property, as the title thereto still remains in the State of Louisiana. She further sets out that in the Sheriff's deed and the patent issued thereunder to W.A. (William A.) Poe, the property therein transferred is described as "Lot 2 E. J. Lyons Sub. of E 1/2 of NE, NE SE 11-9-13", while the fifteen acres belonging to her is situated in the SW 1/4 of NE 1/4 of 11-9-13, and therefore the deed and patent did not transfer her title to W.A. Poe; that Poe has signed an instrument releasing and relinquishing any *Page 777 
and all rights if any that he may have acquired by virtue of said deed and patent, and especially any right that he may have had to a correction thereof to cover her 15 acres of land in the SW 1/4 of the NE 1/4 of Sec. 11-9-13, said instrument being attached thereto and made a part thereof.
On May 25, 1944, by notarial act, W.A. (William A.) Poe quit-claimed, released and relinquished unto the State of Louisiana, any and all interest that he may have acquired, if any, in the property of plaintiff, giving the description thereof, and agreed that the Sheriff's deed and patent be cancelled, especially waiving any rights which he may have had thereunder to have the same corrected so as to cover plaintiff's property. This deed, however, does not show any acceptance thereof by the State of Louisiana.
On June 1, 1944, the State Mineral Board and the Register of the State Land Office filed their answer to the petition and first supplemental petition in the form of a general denial, and pray that William A. Poe be recognized as the owner of Lot 2 of the Lyons' heirs partition of S 1/2 of the NE 1/4 and the NE 1/4 of SE 1/4 of Section 11, Township 9, South, Range 13 West, Calcasieu Parish, subject to the reservation in the State of Louisiana of all mineral rights reserved in the act of sale and patent from the State to the said William A. Poe, and, averring further that the tax sale for the non-payment of 1934 taxes, recorded in Book 285, at page 231, should be recognized as a good and valid transfer of the property to the State of Louisiana. In their answer to the second supplemental petition, they aver that the purported deed from Poe to the State is without effect to reconvey title to the State so as to permit redemption of the property without the reservation of the mineral rights. In the alternative, they set out that the said deed from Poe to the State is invalid and of no force and effect for the reason that the said William A. Poe had previously quitclaimed and transferred unto plaintiff the right, title or interest he acquired by virtue of the deed and patent from the State of Louisiana. Further answering, they interposed a plea of five years' prescription under Section Eleven of Article X of the Constitution of 1921, as amended.
The Sheriff and Ex-Officio Tax Collector for Calcasieu Parish, in his answer to all the petitions makes a general denial based on lack of information. W.A. Poe, in answer to the first and second supplemental petitions, admits all of the allegations therein contained.
The case was then submitted on the pleadings and an agreed stipulation of facts, together with the offerings in evidence of the documents named in the stipulation of facts. The district court rendered judgment in plaintiff's favor, (a) annulling the tax sale of February 19, 1936, in so far as such adjudication affects the land belonging to the plaintiff, (b) annulling the patent or sale from the State to Poe in so far as it affects plaintiff's property, (c) and permanently enjoining the State Mineral Board from leasing for any purpose plaintiff's property. The State Mineral Board and the Register of the State Land Office have appealed.
The questions presented to us are questions of law.
The reasons given for the annulment of the tax sale shall be discussed together, in that they are related to each other.
[1] The facts show that E.J. Lyons, prior to his death, owned the S 1/2 of NE 1/4, NE 1/4 of SE 1/4, Section 11, T-9-S, R-13-W, containing 120 acres. After his death, his heirs, being eight in number, were sent into possession of his property. Thereafter, they had the property surveyed and divided into eight lots of fifteen acres by a surveyor; a plat thereof was made; and which plat of subdivision was annexed to and made a part of the Act of Partition in which plaintiff was allotted Lot No. 2. Of course, this cannot be said to be a subdivision created by the Police Jury for the Parish of Calcasieu in accordance with Revised Statutes, Section 2743, Subsection 20, as amended by Act 234 of 1928. The Section of the Revised Statutes refers to the platting of land into lots, roads, streets, etc., and not the sub-division of land for the purpose of partition as in this case. There was a subdivision of the property of E.J. Lyons into lots, a plat of survey made and recorded, and plaintiff was allotted Lot #2 thereof. A mere reference to the plat of subdivision would show the true description of plaintiff's property. The property advertised for sale as belonging to plaintiff on account of the non-payment of taxes is described as being in the E.J. Lyons' Subdivision and being Lot #2, in Section *Page 778 
11, T-9-R 13. Plaintiff's property was so situated. The only error committed by the assessor was describing the Lyons' property as being the "E 1/2 of NE 1/4" rather than the true description of "S1/2 of NE 1/4". The fact that the taxes due on the "E 1/2 of NE 1/4, NE SE, etc." were paid by the true owner is of no concern to plaintiff and she cannot plead dual assessment or payment of taxes. Had she paid the taxes on the property as assessed she then would have a right to contend that she had paid the taxes on her property. The case of Tillery v. Fuller, 190 La. 586, 182 So. 683, clearly refutes plaintiff's contention that the tax sale is null and that it did not transfer title to her property to the State.
[2-4] As to the first alternative contention of plaintiff, the facts show that in the advertisement for the sale of the property herein involved, there were included also two other tracts formerly belonging to other individuals which had been adjudicated to the State. However, the procés verbal of the Sheriff clearly shows that each tract of land was separately appraised, separately offered for sale and separately sold. We find nothing in Act 237 of 1924 which requires a separate advertisement for each tract of land, and we therefore find no violation of the Act. As to plaintiff's contention that the transfer to Poe was invalid in that the property was not sufficiently described to transfer anything is answered in our remarks supra. We find no merit in her alternative demand. We are further of the opinion that the sale and patent not only transferred the property to Poe, but also transferred to him the right to have the deed and patent corrected so as to show the true description of the property, a right which the State had.
[5, 6] It now appears to us from reading plaintiffs supplemental brief that the most serious issue upon which she depends to sustain her action is contained in her further alternative plea that she has the right to redeem the property. As stated by plaintiff in her supplemental brief, "there can be no question that if the title to the land remains in the State, plaintiff has the right to redeem it". The question then is whether or not the title to the land is still in the name of the State. We are of the opinion that it is not. Since the State and or its assignee Poe had the right to have the deed corrected to show the true description of the land transferred by virtue of the tax sale, and since we are of the opinion that the tax sale of the property of plaintiff, and the subsequent deed and patent were valid, it stands to reason that the State has divested itself of the title to the land. Furthermore, the plaintiff recognized the fact that Poe had a right to have the description corrected, and on November 18, 1943, Poe transferred whatever rights he had in plaintiff's property to plaintiff. Thus plaintiff, by virtue of this deed, is the owner of the surface rights, the State having reserved the minerals underlying the property. When Poe, on May 25, 1944, attempted to quitclaim, release and relinquish unto the State whatever rights he had acquired by virtue of his deed and patent from the State, waiving any rights which he may have had to have the deed and patent corrected so as to show the true description, he transferred nothing for the reason that he had already divested himself of the title to the property. Furthermore, this deed was never accepted by any one on behalf of the State, there being no provisions of law known to us wherein title to real estate can be acquired by the State without its consent and without anyone acting on its behalf, and the plaintiff cites none to us.
[7] The plaintiff, in her supplemental brief, argues that, since the primary purpose of tax sales is to secure the payment of taxes, and since the State has already collected all of the taxes due it on her property, and since she again offers to pay any taxes which may be due on the property in redemption of the property, "the morality (equity) of this case is with plaintiff and that she should be permitted to redeem her property unless clearly prevented from so doing under the law and or the jurisprudence of our Courts". We concede that the State has already collected all of the taxes which were due on the property; however, not through any payment or effort of the plaintiff but through operation of the law. We also concede that the plaintiff had the right to redeem her property as long as the title to the property remained in the State. In the case under consideration, she had up to the adjudication of the property by the Sheriff on October 9, 1943. By the adjudication to Poe on that date, the State *Page 779 
was divested of the title to the property, saving unto the State the mineral rights as provided by Art. 4, Section 2, of the Constitution of 1921, as amended in 1942. In order to save such mineral rights unto herself, it was incumbent upon the plaintiff to redeem the property prior to its sale by the State. She has lost title to the minerals through her own fault and negligence, after due notice to her of her delinquency in the payment of the taxes due in allowing her property to be sold for taxes, in not redeeming the property in the time prescribed by law, and in permitting the property to be offered for sale after due advertisement, in permitting the sale and a patent to issue thereunder. We know of no law granting the plaintiff the right to redeem the mineral rights in the property in contravention of Article 4, Section 2, of the Constitution of 1921, as amended in 1942.
For these reasons, the judgment appealed from is annulled, reversed and set aside. It is now ordered that plaintiff's suit be and the same is hereby dismissed at her costs. It is further ordered that all of the minerals underlying Lot No. 2 of the Lyons' heirs partition of the S 1/2 of the NE 1/4 and the NE 1/4 of SE 1/4 of Section 11, Township 9, South, Range 13 West, Calcasieu Parish belong to the State of Louisiana and not to plaintiff.